| | | |
|---|---|---|
| **GARY DREWS,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action Number: |
| | : | |
| **vs.** | : | |
| | : | Jury Trial Demanded |
| **JOBO'S, INC. d/b/a BJ ROOSTERS;** | : | |
| **ROBERT HAMILL; JOHN MOLINARI;** | : | |
| **and JOHN DOE(S), Administrator of the** | : | |
| **Jobo's, Inc. Group Health Plan,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Gary Drews ("Mr. Drews"), by and through undersigned counsel and

pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Jobos, Inc. d/b/a

BJ Roosters ("Jobo's"); Robert Hamill ("Mr. Hamill"); John Molinari ("Mr. Molinari");

and John Doe(s), Administrator of the Jobo's, Inc. Group Health Plan ("Doe(s)") and

shows the Court as follows:

## INTRODUCTION

### 1.

Mr. Drews brings this action under the Fair Labor Standards Act of 1938 (as

amended) (29 U.S.C. § 201 et seq.), (hereinafter "the FLSA") to (1) recover due but

unpaid minimum wages and an additional like amount as liquidated damages; (2) recover

due but unpaid overtime compensation and an additional like amount as liquidated damages; and (3) and to be reimbursed his costs of litigation, including his reasonable attorneys' fees.

2.

In addition, Mr. Drews brings this action pursuant to the Employee Retirement Security Act of 1974, as amended ("ERISA") § 502, 29 U.S.C. § 1132 in order to recover from Defendants, jointly and severally; (1) group health care benefits that were wrongfully denied him, (2) an additional amount as allowed under ERISA § 502(c), 29 U.S.C. § 1132(c) in statutory penalties, and (3) his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 29 U.S.C. § 1132 (a)(1)(B) and 28 U.S.C §§ 1331 because this case arises under the FLSA and ERISA, federal statutes that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Jobo's is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

5.

Mr. Drews resides in DeKalb County, Georgia.

6.

Mr. Drews is a citizen of the United States and of the State of Georgia.

7.

Jobo's employed Mr. Drews as a Bartender at BJ Roosters located at 2043 Cheshire Bridge Road, Atlanta, Georgia 30324 from approximately February 2006 through September 25, 2014.

8.

At all times material hereto, Mr. Drews was an "employee" of Jobo's as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

Jobo's is a corporation organized under the laws of the State of Georgia.

10.

Jobo's is subject to the personal jurisdiction of this Court.

11.

At all times material hereto, Jobo's was an "employer" of Mr. Drews as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

Jobo's may be served with process through its registered agent Michael Sard located at 3789 Roswell Road, Atlanta, Georgia 30342.

13.

At all times material hereto, Mr. Hamill was an owner of BJ Roosters.

14.

At all times material hereto, Mr. Hamill was an officer of Jobo's.

15.

At all times material hereto, Mr. Hamill was the CEO and Secretary of Jobo's.

16.

At all times material hereto, Mr. Hamill has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

17.

Mr. Hamill is subject to the personal jurisdiction of this Court.

18.

Mr. Hamill may be served with process at his principal office address located at 2043 Cheshire Bridge Road, NE, Atlanta, Georgia 30324.

19.

At all times material hereto, Mr. Molinari was an owner of BJ Roosters.

20.

At all times material hereto, Mr. Molinari was an officer of Jobo's.

21.

At all times material hereto, Mr. Molinari was the CFO of Jobo's.

22.

At all times material hereto, Mr. Molinari has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

23.

Mr. Molinari is subject to the personal jurisdiction of this Court.

24.

Mr. Molinari may be served with process at his principal office address located at 2043 Cheshire Bridge Road, NE, Atlanta, Georgia 30324.

**FACTUAL ALLEGATIONS**

25.

From on or about November 2011 until September 25, 2014, Mr. Drews was "engaged in commerce" as an employee of Jobo's as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

26.

From on or about November 2011 until September 25, 2014, Jobo's was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

27.

During 2011, Jobo's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

During 2012, Jobo's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

29.

During 2013, Jobo's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

30.

During 2014, Jobo's had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

31.

At all times material hereto, two or more employees of Jobo's, including Mr. Drews, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: wine, beer, liquor and other alcoholic products; food and food service items; computers; cash registers and office supplies.

32.

During 2011, Jobo's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

33.

During 2012, Jobo's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

34.

During 2013, Jobo's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

35.

During 2014, Jobo's had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

36.

During 2011, Jobo's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

37.

During 2012, Jobo's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

38.

During 2013, Jobo's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

39.

During 2014, Jobo's had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

At all times material hereto, Jobo's has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

41.

At all times material hereto, Mr. Hamill exercised operational control over the work activities of Mr. Drews.

42.

At all times material hereto, Mr. Hamill was involved in the day to day operation of the Jobo's bar and restaurant in which Mr. Drews worked.

43.

At all times material hereto, Jobo's vested Mr. Hamill with supervisory authority over Mr. Drews.

44.

At all times material hereto, Mr. Hamill exercised supervisory authority over Mr. Drews.

45.

At all times material hereto, Mr. Hamill scheduled Mr. Drews' working hours or supervised the scheduling of Mr. Drews' working hours.

46.

At all times material hereto, Mr. Hamill exercised authority and supervision over Mr. Drews' compensation.

47.

At all times material hereto, Mr. Hamill exercised operational control over the work activities of Mr. Drews.

48.

At all times material hereto, Mr. Molinari was involved in the day to day operation of the Jobo's bar and restaurant in which Mr. Drews worked.

49.

At all times material hereto, Jobo's vested Mr. Molinari with supervisory authority over Mr. Drews.

50.

At all times material hereto, Mr. Molinari exercised supervisory authority over Mr. Drews.

51.

At all times material hereto, Mr. Molinari scheduled Mr. Drews' working hours or supervised the scheduling of Mr. Drews' working hours.

52.

At all times material hereto, Mr. Molinari exercised authority and supervision over Mr. Drews' compensation.

53.

At all times material hereto, Jobo's did not employ Mr. Drews in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

54.

At all times material hereto, Jobo's did not employ Mr. Drews in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

55.

At all times material hereto, Jobo's did not employ Mr. Drews in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

56.

At all times material hereto, Jobo's did not employ Mr. Drews in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

57.

At all times material hereto, Mr. Drews was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

58.

At all times compensable, Mr. Drews' pay was subject to reduction as part of Defendants' common practice of reducing employees' pay to reimburse itself for its own business risks thus reducing the employees' regular rate below the minimum wage in violation of the FLSA, 29 U.S.C. § 201 et seq.

59.

At all times material hereto, Mr. Drews was paid an hourly wage and did not receive a salary.

60.

At all times material hereto, Mr. Drews was not guaranteed at least $455.00 per week in wages.

61.

At all times relevant, Defendants required Mr. Drews to repay cash drawer shortages directly to Defendants.

62.

Pursuant to 29 C.F.R. § 531.35, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

63.

At all times material hereto, Defendants unlawfully required Mr. Drews to repay cash drawer shortages which regularly reduced his earnings below the statutory minimum wage.

64.

At all times material hereto, Mr. Drews' sole form of remuneration for the work he performed for Defendants was the receipt of tips from Defendants' customers.

65.

During all times compensable, Mr. Drews' primary duty was tending to Defendants' bar as a bartender.

66.

Defendants required Mr. Drews to pay a portion of the tips he received directly to Defendants in the form of fees.

67.

During the three years prior to the filing of this action, Defendants required Mr. Drews to pay club fees each shift he worked including cleaning fees.

68.

During the three years prior to the filing of this action, Defendants required Mr. Drews to pay a $5.00 cleaning fee at the end of each night shift he worked.

69.

During the three years prior to the filing of this action, Defendants required Mr. Drews to pay 20% of the tips he earned to the bar back each shift he worked.

70.

Defendants required Mr. Drews to pay a portion of the tips he received directly to Defendants for reasons other than the pooling of tips among employees who customarily and regularly receive tips.

71.

During the three years prior to the filing of this action, Defendants required Mr. Drews to attend staff meetings which were completely unpaid.

72.

During the three years prior to the filing of this action, Defendants required Mr. Drews to assist with moving coolers and decorating the bar outside of his normally scheduled working hours. This time was completely unpaid.

73.

In or about February 2014, Defendants reduced Mr. Drews' working hours to four shifts per week.

74.

As a result of Defendants' reduction of Mr. Drews' working hours in or about February 2014, Mr. Drews' lost his health insurance coverage.

75.

Jobo's reduction of Mr. Drews' working hours constitutes a "qualifying event" as defined in 29 U.S.C. §1163.

76.

Jobo's reduction of Mr. Drews was not caused by any "gross misconduct" within the meaning of 29 U.S.C. § 1163(2).

77.

Defendants failed to provide Mr. Drews with written notification of his rights after reduction of his working hours and loss of health insurance coverage as required by 29 U.S.C. §1166.

78.

In or about February 2014, Jobo's caused Mr. Drews' status as a Plan Participant or Beneficiary under the Plan to be cancelled.

79.

At all times relevant, Mr. Drews was a "covered employee" of Jobo's, as defined in 29 U.S.C. § 1167(2).

80.

Up until Defendants' reduction of Plaintiff's working hours in or about February 2014, Mr. Drews was a Participant or Beneficiary of the Jobo's Group Health Plan (hereafter "the Plan") within the meaning of 29 U.S.C. § 1132 (a)(1).

81.

Mr. Drews is authorized to bring this action pursuant to 29 U.S.C. § 1132 (a)(1) to recover benefits due to him under the terms of the Plan and to enforce his rights under the terms of the Plan.

82.

From approximately February 2006 through September 25, 2014, Mr. Drews performed services for Jobo's.

83.

As of Mr. Drews' last day of employment at Jobo's, Jobo's maintained the Plan.

84.

At all times material to this action, the Plan has been a "Group Health Plan" within the meaning of 29 U.S.C. §§ 1167 (1).

85.

At all times relevant to this action, Jobo's was the Administrator of the Plan, within the meaning of 29 U.S.C. § 1002 (16)(A).

86.

At all times relevant to this action, Jobo's was the Sponsor of the Plan, within the meaning of 29 U.S.C. § 1002 (16)(B).

87.

At all times relevant to this action, Jobo's was a fiduciary of the Plan, within the meaning of 29 U.S.C. §1002(21).

88.

Doe(s) is the yet unidentified individual Administrator(s) of the Plan at all times material to this action within the meaning of 29 U.S.C. § 1002(16)(A).

89.

Doe(s) is a fiduciary of the Plan within the meaning of 29 U.S.C. §1002(21).

90.

Doe(s) is subject to the personal jurisdiction of this Court.

91.

Mr. Drews suffers from Sciatica.

92.

Mr. Drews incurred substantial health care costs between February 2014 and September 25, 2014.

93.

As a result of Defendants' cancellation of his health insurance under the Plan without notice, Mr. Drews has incurred expenses for medical care beyond what he would have incurred had his insurance coverage not been cancelled and Mr. Drews been given the statutorily required notice in order to obtain replacement coverage..

**COUNT I**

**FAILURE TO PAY MINIMUM WAGE
AGAINST JOBO'S, HAMILL AND MOLINARI**

94.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

95.

At all times material hereto, Mr. Drews has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

96.

From on or about November 2011 through September 25, 2014, Defendants failed to compensate Mr. Drews at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

97.

From on or about November 2011 through September 25, 2014, Defendants willfully failed to compensate Mr. Drews at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

98.

Mr. Drews is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

99.

As a result of the underpayment of minimum wages as alleged above, Mr. Drews is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

100.

As a result of the underpayment of minimum wages, Defendants are liable to Mr. Drews for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY OVERTIME AGAINST JOBO'S, HAMILL AND MOLINARI

101.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

102.

From on or about November 2011 through January 2014, Mr. Drews has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

103.

During his employment with Defendants, Mr. Drews regularly worked in excess of forty (40) hours each week.

104.

Defendants failed to pay Mr. Drews at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2011 through January 2014.

105.

Defendants willfully failed to pay Mr. Drews at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2011 through January 2014.

106.

Mr. Drews is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

107.

As a result of the underpayment of overtime compensation as alleged above, Mr. Drews is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

108.

As a result of the underpayment of overtime compensation as alleged above, Mr. Drews is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III

## BREACH OF ERISA FIDUCIARY DUTIES
## AGAINST JOBO'S AND JOHN DOE(S)

### 109.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 110.

Defendants' failure to provide Mr. Drews the information required by 29 U.S.C. § 1166 constitutes a breach of fiduciary duties.

### 111.

Defendants' failure to provide Mr. Drews with written notification of his right to elect continuation coverage, as required by 29 U.S.C. § 1166 constitutes a breach of fiduciary duties.

### 112.

Defendants breached their fiduciary duties by such other acts as may be shown at trial and set forth in a pretrial order.

### 113.

As a result of the acts and omissions constituting the breaches of legal duties as described above, Mr. Drews suffered damages for which Defendants are jointly and severally liable to Mr. Drews.

## COUNT IV

## VIOLATION OF THE CONSOLIDATED OMNIBUS RECONCILIATION ACT OF 1985 (COBRA) AMENDMENTS TO ERISA AGAINST JOBO'S AND JOHN DOE(S)

### 114.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

### 115.

Defendants' failure to provide Mr. Drews with written notice of his right to elect continuation coverage under the Plan constitutes a breach of their obligations under the COBRA amendments to ERISA.

### 116.

As a result of the acts and omissions constituting the breaches of Defendants' obligations under the COBRA amendments to ERISA as described above, Mr. Drews suffered damages for which Defendants are jointly and severally liable to Mr. Drews.

## COUNT V

## ACTION FOR STATUTORY PENALTY AS TO JOBO'S AND JOHN DOE(S)

### 117.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

118.

Defendants are the Administrator of the Jobo's, Inc.'s Group Health Plan within the meaning of 29 U.S.C. § 1132(c).

119.

Defendants' failure to provide Mr. Drews with information on his COBRA benefits constitutes a violation of 29 U.S.C. § 1166.

120.

Defendants' failure of to follow the requirements of 29 U.S.C. § 1166 was not in good faith.

121.

Defendants' failure of to follow the requirements of 29 U.S.C. § 1166 prejudiced Mr. Drews.

122.

Pursuant to 29 U.S.C. § 1132 (c)(1)(B) and 29 CFR 2575.502c-1, Defendants are liable to Mr. Drews in the amount of $110 per day from the date of the initial failure to provide Mr. Drews with information pursuant to 29 U.S.C. § 1166 until such information is provided.

WHEREFORE, Mr. Drews respectfully prays:

1.       That Plaintiff's claims be tried before a jury;

2.    That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid minimum wage from on or about November 2011 through September 25, 2014 due under the FLSA, plus an additional like amount in liquidated damages;

3.    That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

4.    That Plaintiff have judgment against Defendants, jointly and severally, in an amount to be proved at trial that will fully and adequately compensate Plaintiff for all past and future medical expenses incurred because of Defendants' commissions and omissions, as alleged above, and all other special damages;

5.    That Plaintiff be awarded all liquidated damages, civil penalties and all other remedies as may be provided under ERISA, as amended;

6.    That Plaintiff be awarded costs of litigation, including his reasonable attorney's fees from Defendants; and

7.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

***DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC***

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*/S/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

*/S/ MATTHEW W. HERRINGTON*
MATTHEW W. HERRINGTON
GA. BAR NO. 275411

COUNSEL FOR PLAINTIFF